IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LUKE JOHN SCOTT, SR.,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Cause No. CV-20-86-GF-BMM<br>CV 20-87-GF-BMM<br><br>ORDER |

Petitioner Scott filed these actions under 28 U.S.C. § 2241 in September 2020. He did not pay the filing fees or move to proceed in forma pauperis. As he qualified for appointment of counsel under the Criminal Justice Act, *see, e.g.*, Order (Doc. 9), *United States v. Scott*, No. CR 19-29-GF-BMM-JTJ (D. Mont. Apr. 25, 2019), the Court will waive the filing fees.

When Scott filed the petitions, he was a federal pretrial detainee. *See* Minute Entry (Doc. 6), *Scott*, No. CR 19-29-GF (D. Mont. Apr. 24, 2019); Minute Entry (Doc. 6), *United States v. Scott*, No. CR 19-30-GF-BMM-JTJ (D. Mont. Apr. 24, 2019). Having been convicted following jury trial in each case, he is now a federal prisoner. *See* Judgment (Doc. 490), *Scott*, No. CR 19-29-GF-BMM (D. Mont. May 4, 2021); Judgment (Doc. 416), *Scott*, No. CR 19-30-GF-BMM (D.

1

Mont. May 4, 2021). In each case, an appeal is pending. *See United States v. Scott*, No. 21-30128 (9th Cir. filed May 10, 2021); *United States v. Scott*, No. 21-30129 (9th Cir. filed May 10, 2021).

With respect to pretrial custody, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918); *Henry v. Henkel*, 235 U.S. 219, 229 (1914); *Riggins v. United States*, 199 U.S. 547, 551 (1905); *see also, e.g.*, *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246–47 (3d Cir. 2018). "If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen." *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017). Scott's petitions did not suggest exceptional circumstances prevented him from presenting claims and defenses via pretrial motion practice and trial. As they developed, the records of the criminal cases established the opposite.

Now, Scott's custody is predicated on the criminal judgments. To challenge his convictions or sentences, he must pursue his appeal and, if necessary, any collateral attacks under 28 U.S.C. § 2255. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Sunal v.*

*Large*, 332 U.S. 174, 178 (1947)); *see also Feldman v. Henman*, 815 F.2d 1318, 1320–21 (9th Cir. 1987) (as amended); *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991).

A certificate of appealability is inapposite, *see* 28 U.S.C. § 2253(c)(1)(A)–(B), but the law requiring the petitions' dismissal is clear. Any appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS ORDERED:

1. The clerk shall waive payment of the filing fee in each case.

2. Scott's petitions under 28 U.S.C. § 2241 are DISMISSED.

3. The Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

4. In each case, the clerk shall enter, by separate document, a judgment of dismissal.

DATED this 19th day of May, 2021.

_____
Brian Morris, Chief District Judge
United States District Court

3